UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIRGILLIO VIRGO,

      Plaintiff,

    -v-

U.S. ARMY and WALSON ARMY HOSPITAL
FORT DIX, NEW JERSEY,

      Defendants.

23 Civ. 5283 (JPC)

TRANSFER ORDER

---

JOHN P. CRONAN, United States District Judge:

  Plaintiff Virgillio Virgo, who resides in Allentown, Pennsylvania, paid the filing fees to bring this *pro se* action,[1] alleging that Defendants United States Army and Walson Army Hospital Fort Dix, New Jersey violated his rights.[2] For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.

## I. Discussion

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] From June 4, 1997, through May 12, 2023, Plaintiff filed a total of fifty actions in this court and in the United States District Court for the Eastern District of Pennsylvania. By order dated September 21, 2018, Plaintiff was barred in this District, under 28 U.S.C. § 1651, from filing any civil action *in forma pauperis* ("IFP") without first seeking permission of the court. *See Virgo v. Wright*, No. 17 Civ 10006 (LLS), Dkt. 6 (S.D.N.Y. Sept. 21, 2018).

[2] The Walson Army Hospital, which was located in Fort Dix, New Jersey, was closed on April 30, 2001. *See* https://www.jbmdl.jb.mil/News/Article-Display/Article/826129/walson-army-hospital-end-of-an-era/ (last visited June 26, 2023).

Under section 1391(c), a "natural person" resides in the District where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff names "Walson Army Hospital Fort Dix, New Jersey" as a Defendant and alleges that "Squad leder [sic] held me down, and allowed William Rogers to beat me down, and factured my left patella knee witch lead too a compound fracture."[3] Dkt. 1 ("Complaint") at 4; *see also id.* at 1, 3 ("A fight broke out squad member held me down and allowed William Rogers to assault my self [sic] criping [sic] me for life."). He does not plead the residence of any of the Defendants, but seems to allege that the events giving rise to his claims occurred at the Walson Army Hospital in Fort Dix, New Jersey. Because it appears that the alleged events occurred in New Jersey and there is no indication that all Defendants reside in the Southern District of New York, it is clear from the face of the Complaint that venue is not proper in this District under section 1391(b)(1), (2).[4]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As alleged, Plaintiff's claims arose in Fort Dix, New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

---

[3] Plaintiff uses capitalization throughout the Complaint. For readability, the Court uses standard capitalization when quoting from the Complaint.

[4] This Court does not make any determination regarding the timeliness of Plaintiff's claims.

2

## II. Conclusion

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. A summons shall not issue from this Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    SO ORDERED.

Dated: July 7, 2023
       New York, New York

                                                JOHN P. CRONAN
                                           United States District Judge